## CLARK *v.* HORNBUCKLE.

1. The verdict is supported by evidence.
2. Ordinarily newly discovered evidence which is merely impeaching in its character and cumulative is not a good ground of a motion for new trial.
3. The court did not err in overruling the motion for new trial.

No. 3751. JANUARY 18, 1924.

Claim. Before Judge Irwin. Douglas superior court. March 27, 1923.

*R. W. Milner* and *D. S. Strickland,* for plaintiff.

*J. R. Hutcheson,* contra.

HILL, J. S. W. Teal and Samuel Teal sold to S. A. Wardlaw lot of land No. 33 in the second district of Douglas County, containing 202½ acres, more or less, for the sum of $2500, to be paid as follows: $300 to be paid in cash, $200 on January 18, 1919, and the balance in four equal payments of $500 each, payable on July 18 of the years 1919, 1920, 1921, and 1922. The Teals executed and delivered to Wardlaw a bond for title embodying the foregoing facts. On August 29, 1918, Wardlaw sold the land to Mrs. Exa Milner for the sum of $3200, to be paid as follows: $300 in cash, $2200 by assuming the notes described in the bond for title, and giving an additional note for $700 principal, executed by Mrs. Milner to Wardlaw, and payable November 1, 1919. Wardlaw assigned his bond for title to Mrs. Milner, as follows: "Atlanta, Ga., August 29, '18. Ga., Fulton Co. For value recd., I hereby sell and assign the within bond for title to Mrs. Exa Milner, together with all my right, title, and interest in and to the property therein described. As part value recd., Mrs. Exa G. Milner has given this date one note of $700.00 at 8 per cent. from this date, maturing Nov. 1st, 1919. S. A. Wardlaw. Witness: A. B. Simms, C. Clark." On September 19, 1919, Mrs. Milner transferred her interest to M. L. Hornbuckle by the following entry thereon: "Atlanta, Ga., Fulton County. September 19, 1919. In consideration of the sum of $250, I have this day transferred all my right, title, equity, and interest that I have or may have to 202½ acres of land located in Douglas County, and described in the face of the within bond for title, to M. L. Hornbuckle, Lawrenceville, Gwinnett County. I also transfer the growing crop on said property upon condition of his paying the State and county taxes for the year 1919. This transfer is made subject to the remaining purchase-money due Samuel Teal and brother. Mrs. Exa G. Milner. Signed in our presence, this the 19th day of September, 1919. E. L. Sewell, C. C. Hornbuckle, N. P. Fulton Co., Ga." S. A. Wardlaw sold the $700 note given to him by Mrs. Milner to Colquitt Clark, and he in turn sold it to I. C. Clark, the plaintiff in error. When the note became due Hornbuckle did not

pay it, and Clark brought suit against Mrs. Milner as maker, and Wardlaw as indorser, to the January term, 1920, of the city court of Atlanta, both Mrs. Milner and Wardlaw being residents of Atlanta. Judgment was obtained against the defendants, which was declared to be a special lien on the land described in the bond for title. Execution was issued upon the judgment and was levied on the land. M. L. Hornbuckle filed his claim to the land, asserting that it was not subject to the execution. Mrs. Milner filed an intervention in aid of the levy, alleging that M. L. Hornbuckle assumed all of the unpaid purchase-money notes, and particularly the $700 note upon which the execution levied upon the land was based. The case was tried in the superior court of Douglas County, resulting in a verdict for the claimant. A motion for new trial was made on the usual general grounds, and was amended by adding a special ground of newly discovered evidence. The motion was overruled, and the plaintiff excepted.

On the trial of the case in the court below the main issue was whether the claimant had assumed the payment of the $700 note which was the foundation of the execution levied on the land in this case. The jury found the issue thus raised in favor of the claimant, that is, that the land was not subject to the execution levied upon it. It is insisted by the plaintiff that the evidence demanded a finding that the land was subject to the execution; and it is argued that the overwhelming weight of the evidence shows conclusively that the claimant did assume the payment of this debt, and that on this issue the claimant's evidence in his own behalf is all there is to sustain his contention, uncorroborated by any other witness and by any circumstances in the case. We cannot agree to the contention of the plaintiff. It has been repeatedly held by this court that where there is evidence to support a verdict, the Supreme Court will not grant a new trial on the ground that the preponderance of the evidence was against the finding of the jury. The issue was solely for the jury to determine, and they have passed upon that issue contrary to the contention of the plaintiff; and we cannot say that the verdict is not supported by evidence.

It is also contended by the plaintiff, that, whether the claimant had assumed the payment of this debt or not, from the very nature of the transaction the land in controversy was bound for the pay-

ment of this note, and that the $700 debt was a part of the pur-chase-money of the land, that all the interest which the claimant had purchased of Mrs. Milner was her equity in the land. The reply to this contention is that there is nothing in the assignment of Mrs. Milner's interest in the land which expressly so states; and whether the claimant had agreed to assume the payment of this note was the sole issue before the jury, and the jury found in favor of the claimant on this issue, and there is evidence in the record to support the verdict as rendered.

The only remaining ground of the motion is based upon the newly discovered evidence of Samuel Teal, who was not a witness before the jury, and whose affidavit was to the effect that both of the Hornbuckles had told Samuel Teal and his brother that the claimant had assumed the payment of the $700 note. Even if the evidence would be admissible on another trial of the case, the evidence is merely cumulative to that already introduced on the trial of the case; and the general rule is that newly discovered evidence which is merely impeaching or cumulative in its charac-ter is not cause for the grant of a new trial. Civil Code (1910), §§ 6085, 6086. So, we are of the opinion that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*